1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   BRADLEY D. AUSMUS; ELIZABETH          CASE NO. 08-CV-2342 L (LSP)
     A. AUSMUS,
12                                          **ORDER GRANTING MOTION TO**
                        Plaintiffs,         **DISMISS [doc. #2] and DIRECTING**
13         vs.                              **ENTRY OF JUDGMENT**

14   LEXINGTON INSURANCE
     COMPANY; AMERICAN
15   INTERNATIONAL GROUP, INC.;
     DOES 1 through 100, inclusive,
16
                        Defendants.
17
     ─────────────────────────────

18         On December 22, 2008, Defendants filed a motion to dismiss the action.  (Doc. No.

19   2.)  On January 26, 2009, Plaintiffs filed their response in opposition to the motion to

20   dismiss.  (Doc. No. 5.)  Defendants filed their reply in support of their motion on February

21   2, 2009.  (Doc. No. 7.)  The Court concludes that this matter is appropriate for resolution

22   without oral argument and submits the motion on the papers under Civil Local Rule

23   7.1(d)(1).  For the following reasons, the Court dismisses Plaintiffs' complaint and denies

24   leave to amend.

25                              **Background**

26         Plaintiffs' complaint alleges causes of action against Defendants for breach of contract,

27   breach of the implied covenant of good faith and fair dealing in connection with damage to

28   their home caused by Defendants' insured, American Coatings, Inc.  (Doc. No. 1.)

Plaintiffs own the residence located at 1644 Stratford Way, City of Del Mar, California. (Compl. ¶ 2.) American Coatings, Inc., along with several other subcontractors, provided materials and labor used in the construction of plaintiffs' home. American Coatings completed its work on the residence in approximately 1998. (Compl. ¶ 7.) In November 2005, the residence suffered damage due to leaks in and through the foundation walls. These leaks were allegedly caused by defects in construction attributable to the negligence of the subcontractors, including American Coatings. (Compl. ¶ 8.)

Subsequently, Plaintiffs filed a complaint against the developer and subcontractors in San Diego Superior Court. (Compl. ¶ 9.) Plaintiffs allege that Defendants initially appointed their in-house attorneys to defend American Coatings in the litigation, but later withdrew from representation. (Compl. ¶ 10.) Before trial, Plaintiffs settled with all defendants, with the exception of American Coatings, in the amount of $850,000 for the below grade water intrusion damage. (*Id.*) As part of the settlement, the developer and certain subcontractors assigned to Plaintiffs their rights for contribution and indemnity against American Coatings. (Compl. ¶ 12, 13.) American Coatings then settled with the Plaintiffs. The settlement agreement provided for a stipulated entry of judgment against American Coatings in the amount of $537,575 and an assignment by American Coatings of its indemnification rights against Defendants Lexington Insurance Company ("Lexington") and American International Group, Inc. ("AIG"). (Compl. ¶ 15.)

On February 1, 2001, Lexington issued a comprehensive insurance policy to American Coatings. (Compl. ¶ 16; Kurz Decl. in Opp. to Mot. to Dismiss ["Kurz Decl."] Ex. 1.) This policy covered work performed by American Coatings with no date restrictions. (*Id.*) The policy was renewed April 1, 2002 and again on April 1, 2003 – each time with no date restrictions on covered work. (Kurz Decl. Ex. 2, 3.) On April 1, 2004, Lexington once again renewed American Coatings's policy. (Kurz Decl. Ex. 4.) This new policy contained an endorsement entitled "Exclusion - Designated Work." (*Id.* at 224.) That endorsement states that the insurance does not apply to property damage arising out of American Coatings's work completed prior to April 1, 2001. (*Id.*) The following year, on

1  April 1, 2005, Lexington issued another renewed policy, which also contained the

2  endorsement limiting the time period for covered work.  (*Id.* at 288.)

3     Based on this exclusionary endorsement, nominally in effect when the Residence

4  was damaged, Defendants move for dismissal of Plaintiffs' case under Federal Rule of

5  Civil Procedure 12(b)(6).

6  **I.     Legal Standard**

7     Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a

8  claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  A complaint fails to

9  state a claim when it lacks a cognizable legal theory or states insufficient facts under a

10  cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

11  Cir. 1984).  The Supreme Court has stated that the factual allegations of a complaint must

12  be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

13  *Twombly*, 127 S. Ct. 1955, 1965 (2007). If the complaint fails to "state a claim for relief

14  that is plausible on its face," it should be dismissed.  *Twombly*, 127 S. Ct. at 1960.

15     In general, the scope of review on a motion to dismiss for failure to state a claim is

16  limited to the contents of the complaint.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

17  2006).  However, a court may consider evidence on which the complaint "necessarily

18  relies" as long as: (1) the complaint refers to the document; (2) the document is central to

19  the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the

20  12(b)(6) motion.  *Id.*

21  **II.    Lexington's Exclusionary Endorsement**

22     As an initial matter, the Court notes that Plaintiffs' complaint necessarily relies on

23  the language of its insurance policy with Defendant Lexington.  The complaint refers to the

24  policy and it is central to the Plaintiffs' breach of contract claim.  (Compl. ¶ 16-20.)

25  Plaintiffs have not challenged the authenticity of the policy copies submitted along with

26  Defendants' motion to dismiss.  Accordingly, under *Marder*, the Court may properly rely

27  on its contents in evaluating Defendants' motion.  450 F.3d at 448.

28     If Lexington's coverage exclusion is binding on the parties, Defendants are not

liable for the damage to the Residence and Plaintiffs will have no cognizable legal theory to support their claim.  Plaintiffs argue that the exclusion is void for two reasons.  First, Plaintiffs assert that Lexington failed to adequately notify American Coatings of the reduction in coverage in the April 1, 2004 policy as required by California state law. Second, Plaintiffs argue that the exclusionary endorsement is not clear and understandable. The Court considers these arguments in turn.

### A.       Notification of Reduction in Coverage

The Complaint alleges that "[a]t no time prior to either the issuance of the [April 1, 2005] policy or to the date American Coatings notified Lexington of plaintiffs' claim did Lexington notify American Coatings that the policy purported to afford less coverage than the policies issued by it during the first three policy periods . . . ."  (Compl. ¶ 20.)  Plaintiffs argue that this failure to notify American Coatings of reduced coverage violated California Insurance Code § 678.1(c) and renders the exclusion void.  That statute requires an insurer to notify a policy holder before the expiration of a policy if the insurer intends not to renew the policy or to condition the renewal upon elimination of coverages.  CAL. INS. CODE § 678.1(c).

However, § 678.1(a) states, "This section applies only to policies of insurance of commercial insurance that are subject to Sections 675.5 and 676.6."  CAL. INS. CODE § 678.1(a).  Section 675.5 applies "to any policy of insurance specified in Section 675" and to policies of commercial insurance issued after January 1, 1987.  CAL. INS. CODE § 675.5(a).  While Section 675 includes "policies primarily insuring risks arising from the conduct of a commercial or industrial enterprise," § 675.5(d)(7) excludes surplus line insurance from its definition of commercial insurance.  The policies issued to American Coatings in 2002, 2003, 2004 and 2005 contain full page notices informing the policy holder that Lexington is a surplus line insurer.  (Kurz Decl. Ex. 2-5.)  Because American Coatings's carried commercial surplus line insurance, the policies were not covered by § 678.1(c).

Section 676.6 applies to "commercial umbrella liability insurance policies,

1  commercial excess liability insurance policies, and commercial excess property insurance

2  policies." CAL. INS. CODE § 676.6(a).  American Coatings's policies with Lexington do not

3  fall into any of these categories.  Accordingly, Lexington had no statutory duty to notify

4  American Coatings of the reduction in coverage.

5        **B.**      **Clarity and Conspicuousness of the Exclusion**

6        Alternately, Plaintiffs argue that the exclusion is void because it is not sufficiently

7  clear and conspicuous.  In California, "policy exclusions are strictly construed." *E.M.M.I.*

8  *Inc. v. Zurich American Ins. Co.*, 32 Cal. 4th 465, 471 (Cal. 2004).  To be effective, "the

9  exclusionary clause must be conspicuous, plain and clear." *Id.* (internal quotes omitted).

10  Whether an exclusion meets this standard is a question of law to be decided by the Court.

11  *See, Malcom v. Farmers New World Life Ins. Co.*, 4 Cal. App. 4th 296, 300 (Cal. Ct. App.

12  1992); *Marquez Knolls Property Owners Assoc., Inc. v. Executive Risk Indemnity, Inc.*,

13  153 Cal. App.4th 228, 233-234 (2007) ("The interpretation of an exclusionary clause is an

14  issue of law subject to this court's independent determination.").

15        To be conspicuous, "an exclusion must be positioned in a place and printed in a

16  form which will attract the reader's attention." *Haynes v. Farmers Ins. Exchange*, 32 Cal.

17  4th 1198, 1216 (Cal. 2004).  In this case, the April 1, 2005 policy contains a "Forms

18  Schedule" near the beginning of the document which lists exclusions including the "Past

19  Work Exclusion."  (Kurz Decl. Ex. 5 p. 230.)  The exclusion itself is positioned along with

20  the other coverage exclusions and appears on its own page with key portions in capital

21  letters.  Accordingly, the Court concludes that the exclusion is sufficiently conspicuous as a

22  matter of law.

23        "To be plain and clear, the substance of the exclusion must be precise and

24  understandable." *Malcom*, 4 Cal. App. 4th at 301 (internal quotes omitted).  Its substance

25  must be "stated in words that convey the proper meaning to persons expected to read the

26  contract." *Haynes*, 32 Cal. 4th at 1216.  Here, the exclusion begins by stating that "this

27  endorsement changes the policy.  Please read it carefully."  It is entitled "Exclusion –

28  Designated Work."  It then states that "This insurance does not apply to 'bodily injury' or

'property damage' included in the 'products – completed operations hazard' and arising out of 'your work' shown in the schedule." On the same page, the schedule defines "your work" as "all work completed prior to the first date of continuous insurance coverage provided by Lexington Insurance Company." (Kurz Decl. Ex. 5 p. 288.) The Court concludes that the exclusion is sufficiently precise and understandable and conveys the proper meaning to persons expected to read it. By its clear language, it excludes designated work from coverage. It then goes on to explain what work is excluded. Accordingly, the exclusion is plain and clear as a matter of law.

Because American Coatings's policies are not covered by California Insurance Code § 678.1(c), and because the exclusion is clear and conspicuous, the Court concludes as a matter of law that the Lexington policy did not cover damage arising out of work completed by American Coatings before April 1, 2001. American Coatings completed work on the residence in approximately 1998. Accordingly, the damage to the residence is excluded from coverage and Plaintiffs' complaint lacks a cognizable legal theory. *Robertson*, 749 F.2d at 534.

**III.   Conclusion**

Based on the foregoing, the Court dismisses Plaintiffs' complaint with prejudice. The Court concludes that Plaintiffs are unable to cure the deficiencies of their complaint and denies leave to amend. The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  April 22, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL