1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   BRADLEY D. AUSMUS; ELIZABETH          CASE NO. 08-CV-2342 L (LSP)
     A. AUSMUS,
12                                         **ORDER DENYING MOTION TO**
                            Plaintiffs,    **ALTER ORDER OF DISMISSAL**
13          vs.                            **AND VACATE JUDGMENT [doc.**
                                           **#15]**
14   LEXINGTON INSURANCE
     COMPANY; AMERICAN
15   INTERNATIONAL GROUP, INC.;
     DOES 1 through 100, inclusive,
16
                            Defendants.
17

18          Defendants filed a motion to dismiss the above-captioned case.  After full briefing,

19   the Court granted defendants' motion with prejudice.  The Court found and concluded, as a

20   matter of law, that American Coatings's surplus line policy was not covered by California

21   Insurance Code § 678.1(c), and because the exclusion was clear and conspicuous, the

22   policy Lexington issued did not cover damage arising out of work completed by American

23   Coatings before April 1, 2001.  Therefore, the damage to plaintiffs' residence was excluded

24   from coverage under the policy and plaintiffs' complaint lacked a cognizable legal theory.

25   (Order filed April 22, 2009.)  Because the complaint was dismissed with prejudice,

26   judgment was entered on April 23, 2009.

27          On May 5, 2009, plaintiffs filed the present motion to vacate the judgment and alter

28   the order of dismissal. [doc. #15]   Plaintiffs filed a notice of appeal on May 26, 2009.  The

1   motion has been fully briefed.  For the reasons set forth below, plaintiffs' motion is denied.

2   **Background**

3       On February 1, 2001, Lexington issued a comprehensive insurance policy to

4   American Coatings covering work performed by American Coatings with no date

5   restrictions.  The policy was renewed April 1, 2002 and again on April 1, 2003 – each time

6   with no date restrictions on covered work.  On April 1, 2004, Lexington once again

7   renewed American Coatings's policy but this new policy contained an endorsement entitled

8   "Exclusion - Designated Work."   The endorsement stated that the insurance did not apply

9   to property damage arising out of American Coatings's work  completed prior to April 1,

10  2001.  The following year, on April 1, 2005, Lexington issued another renewal policy

11  containing the endorsement limiting the time period for covered work.

12      In an underlying state court action, American Coatings settled the litigation brought

13  by plaintiffs.  The settlement agreement provided for an entry of judgment against

14  American Coatings and further included an assignment to plaintiffs by American Coatings

15  of its rights and causes of action against Lexington and AIG.[1]

16      In the present action, plaintiffs alleged causes of action against defendants for

17  breach of contract, breach of the implied covenant of good faith and fair dealing asserting

18  that Lexington failed to adequately notify American Coatings of the reduction in coverage

19  in the April 1, 2004 policy as required by California Insurance Code § 678.1(c) and the

20  exclusionary endorsement was not clear and understandable.

21      **Motion to Vacate Judgment and Alter Order of Dismissal**

22      Plaintiffs state in their Rule 59(e) motion that they "do not take issue with or seek to

23  re-argue the Court's ruling" of dismissal on the grounds stated.  (Mtn. Memo at 2.)  Instead,

24  plaintiffs contend that in its Order the Court failed to address their argument that as a

25  matter of public policy, "Lexington was required to provide clear, conspicuous notice in an

26

27      [1]     In the underlying action, American Coatings requested a defense under the insurance
28  policy at issue here.  Defendants appointed their in-house attorneys to represent American Coatings.
    Subsequently, defendants withdrew the attorneys representation based on the exclusion in the policy.

1  expected place of any reduction in coverage on a renewal of any existing policy, and absent

2  such notice, its attempt to reduce coverage was ineffective." *Id.*

3       Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented

4  with newly discovered evidence, (2) committed clear error or the initial decision was

5  manifestly unjust, or (3) if there is an intervening change in the controlling law." *School*

6  *Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

7  1993).  A Rule 59(e) motion "should not be granted absent highly unusual circumstances."

8  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).   A motion to

9  reconsider is not another opportunity for the losing party to make its strongest case, reassert

10  arguments, or revamp previously unmeritorious arguments.  Reconsideration motions do

11  not give parties a "second bite at the apple."  Neither are they devices permitting the

12  unsuccessful party to "rehash" arguments previously presented.   Motions to reconsider are

13  not justified on the basis of new evidence which could have been discovered prior to the

14  court's ruling.  Finally, "'after thoughts' or 'shifting of ground' do not constitute an

15  appropriate basis for reconsideration." *United States v. Navarro*, 972 F. Supp. 1296, 1299

16  (E.D. Cal. 1999), *rev'd on other grounds* , 160 F.3d 1254 (9th Cir. 1998) (internal citations

17  omitted); *accord United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D.

18  Cal. 2001); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding

19  that a motion for reconsideration under Rule 59(e) was properly denied because "it

20  presented no arguments that had not already been raised in opposition to summary

21  judgment"); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)

22  ("courts avoid considering Rule 59(e) motions where the grounds for amendment are

23  restricted to either repetitive contentions of matters which were before the court on its prior

24  consideration or contentions which might have been raised prior to the challenged

25  judgment").  This rule reflects the courts' "concern[] for preserving dwindling resources

26  and promoting judicial efficiency." *Costello*, 765 F. Supp. at 1009.

27       As noted above, plaintiffs contend the Court failed to address a separate basis for

28  defendants' liability, *i.e.,* that California's public policy required Lexington to provide

notice of any reduction in coverage on renewal of existing policies.  (Mtn. Memo at 5.) Defendants argue, however, that plaintiffs did not raise any public policy argument in their opposition to the motion to dismiss.  Also, defendants assert that the Court nevertheless addressed California's public policy in its decision by applying California statutory law.

Plaintiffs contend that they raised the public policy issue on pages 8 and 9 in their opposition to defendants' motion to dismiss.  In essence, plaintiffs argue that a mere quotation from a case, specifically *Fields v. Blue Shield of California*, 163 Cal. App. 3d 570, 578 (1985), in its opposition to the motion to dismiss was sufficient to raise the issue of defendants' liability based on a violation of public policy.  There is no legal support for such a proposition.  It is an even less persuasive argument here because the quoted language from *Fields* in plaintiffs' present motion is not the same as that found in their opposition to the motion to dismiss.  In their motion to vacate, plaintiffs offer an extended quotation from *Fields* that was not included in their opposition to defendants' motion to dismiss.  Plaintiffs' opposition to the motion to dismiss lacks the following language from *Fields* that they now rely upon:

> It is a long-standing general principle applicable to insurance policies that an insurance company in an earlier policy when a renewal policy is issued but the insured is not notified of the specific reduction in coverage. . . . [A]n insurer when renewing a policy may not change the terms of the policy, without first notifying the insured.

(Mtn. Memo at 6.)

It is worth repeating, this portion of the *Fields* quote does *not* appear in plaintiffs' opposition to the motion to dismiss.  (*See* plaintiffs' opposition to motion to dismiss, docket no. 5.)  For plaintiffs to argue that two *omitted* sentences from a case quote should serve to raise a distinct legal claim for liability is beyond disingenuous.  But even if plaintiffs had included the two sentences from *Fields* that they now rely upon, they offered no discussion whatsoever about a violation of public policy in their opposition to defendants' motion to dismiss.  In this circumstance, plaintiffs' silence reflects their failure to put the issue of defendants' alleged liability based on a public policy violation before the Court.  As a result, plaintiffs may not raise this new issue in a motion for reconsideration.

1        If plaintiffs believed they had a good faith argument concerning a violation of public

2    policy, they could have raised the issue in their opposition to defendants' motion to dismiss

3    but did not do so.  This "after thought" or "shifting of ground" cannot "constitute an

4    appropriate basis for reconsideration." *Navarro*, 972 F. Supp. at 1299.

5        Because plaintiffs have failed to demonstrate entitlement to reconsideration under any

6    of the Rule 59(e) factors, their motion to vacate the judgment and alter the order of

7    dismissal is **DENIED**.

8        **IT IS SO ORDERED.**

9    DATED:  July 15, 2009

10                           M. James Lorenz
                        United States District Court Judge

11

12   COPY TO:

13   HON. LEO S. PAPAS
    UNITED STATES MAGISTRATE JUDGE

14

15   ALL PARTIES/COUNSEL

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv2342